INHABITANTS OF STETSON *versus* INHABITANTS OF CORINNA.

Pleas in abatement to the jurisdiction are to be filed within the two first days of the term at which the action is entered.

The recognizance taken before the magistrate on an appeal must be returned to the court to which the appeal is taken.

Where no recognizance is returned when the appeal is entered, it may be received and entered of record by leave of court, after a motion to dismiss for that cause.

The records of the court are not completed in respect to any action till final judgment is rendered.

A *copy* of a recognizance should not be returned to court, and cannot be entered of record; neither is a copy admissible to contradict an original, or show it defective.

It is not necessary to show jurisdiction in the Supreme Judicial Court, for it will be presumed until the contrary appears.

A motion to dismiss for want of jurisdiction, after verdict, may be treated as a motion in arrest of judgment.

No motion in arrest of judgment, in any civil action, can be sustained by the statute of this state.

EXCEPTIONS were taken to the rulings of APPLETON, J., at *Nisi Prius.*

This is an action of assumpsit, to recover for supplies furnished a pauper. It was commenced originally before a justice of the peace. The defendant appealed from that judgment.

The action was entered in this court, and a verdict rendered for the defendant. It was continued on motion for a new trial, on the ground of newly discovered evidence, when, upon full argument, that motion was overruled. Before the motion was overruled, the plaintiff filed a motion that the case should be dismissed for want of a proper recognizance. The motion to dismiss was made on the day of the hearing of the motion for a new trial.

At the hearing of this motion, it appeared that among the papers filed in the case when it was entered in court, was a certain paper indorsed, "Copy Recognizance Stetson v. Corinna." This paper, after reciting the facts therein stated, as to trial, and that the persons therein named had acknowledged themselves indebted to the plaintiffs, in usual form of a recognizance as there appears, concluded as follows: "And said defendants having claimed an appeal from said judgment, to the Supreme Judicial Court for the Eastern District, next to be holden at Bangor, in said county of Penobscot, on the first Tuesday of April next. Now, therefore, if the said defendants shall appear at the court aforesaid, and shall prosecute their appeal with effect, and shall pay all intervening damages and costs, then this recognizance shall be void; otherwise remain in full force and virtue.

Record attest:

DAVID BARKER, *Jus. Peace.*

Copy attest: DAVID BARKER, *Jus. Peace.*

There was also filed at the time of entry in court, a paper purporting to be a copy of the record in the case.

The counsel for the defendant suggested a diminution of the record of the judgment, and asked leave to file an amended record, which was granted.

The defendant, at this hearing of the motion, asked leave to file a paper purporting to be a recognizance in this case of the same date and parties as the one first described, and reciting the proceedings in this case before the said justice, and the appeal taken, the conclusion of said paper being as

follows: " Now, therefore, if the said defendants shall prosecute their appeal with effect, and shall pay all costs arising after their appeal, then the recognizance shall be void; otherwise remain in full force and virtue.

Attest: DAVID BARKER, *Jus. Peace.*"

The presiding judge allowed the said motion for leave to file said paper, to which the plaintiffs excepted.

The defendants also asked leave to file a paper purporting to be a record of the proceedings before said justice, and of his judgment in this case, which was allowed, the plaintiffs excepting to such allowance.

Thereupon the presiding judge overruled the motion of the plaintiff, to dismiss the action.

To which ruling and order the plaintiffs excepted.

*E. Kent,* counsel for the plaintiffs.

The motion to dismiss for want of proper recognizance, was improperly overruled.

There was no proper recognizance in this court. Action was entered as an appeal from a justice of the peace, April term, 1854; at that time the only paper filed as a recognizance was a paper referred to as minuted, a copy of recognizance.

Without a proper recognizance the appeal cannot be sustained. *Hilton* v. *Longley,* 30 Maine R., 220; *Dolloff* v. *Hartwell,* 38 Maine R., 54.

The recognizance filed was most clearly insufficient in condition.

It is *exactly* the same as in *French* v. *Snell,* 37 Maine R., 100, which was decided to be illegal because it required personal appearance, and more particularly because it held the party recognizing to pay intervening damages. That case settles the point, that the recognizance, or copy of recognizance, was *no* recognizance. For what purports to be a recognizance, if not in conformity with law, is void. *Harrington* v. *Brown,* 7 Pick. R., 232; *Owen* v. *Daniels,* 21 Maine R., 180.

It is clear beyond dispute that no recognizance was filed in this court which was a legal one. What purported to be a recognizance was filed, but like that in *French* v. *Snell* it was void—not being the one required by ch. 116, s. 10.

Was the motion made in season? I grant it was late, but. I hold that whenever, in any stage of the case, before *final judgment*, it appears that the court *had not jurisdiction*, the appeal will be dismissed.

It was so, in fact, settled in the case we rely on—*French* v. *Snell*—for there the motion was not made until the action came on for trial. In *Dolloff* v. *Hartwell*, 38 Maine R., the motion was made at the second term. In *Hilton* v. *Longley*, 20 Maine R., the motion was not made, as it appears, until after the entry in the Supreme Judicial Court, and not until a hearing before the Law Court.

In *Smith* v. *Robinson*, 15 Met. R., 165, the court say, where there is a *want* of jurisdiction of the subject of the suit, neither appearance nor direct consent of the parties would give jurisdiction, and a *motion to dismiss may be sustained at any stage of the proceedings.*

Jurisdiction cannot be given, even by consent of parties. *Carlisle* v. *Weston*, 21 Pick. R., 536.

So the only question is, is this objection based upon want of jurisdiction. This court obtains jurisdiction only by an appeal, regularly made and entered, and a recognizance regularly and legally entered into, and returned into, court.

If there is no entry, of course no jurisdiction. If no recognizance, no jurisdiction, as settled in cases in 38 Maine R., and others cited.

Then it is clear that at the term and time of entry, and at all subsequent terms, including that at which the jury trial was had, and the motion for a new trial made, heard, and determined, and up to the last day of the last (April term,) and until after our motion, now complained of as too late, there was no jurisdiction of the cause in this court, nothing on the records or on the files from which a record can be made. And that the recognizance must be returned to, and

made a part of the records or on file. *Paul* v. *Newell*, 6 Maine R., 239; *Dodge* v. *Kellock*, 10 Maine R., 266; *Libbey* v. *Mann*, 11 Maine R., 344.

Then the only question is, whether the new papers offered on the last day, and allowed, change the aspect of the case. Was the judge right in allowing them to be filed, and if allowed to be filed on that day, did they give jurisdiction and justify the judge in overruling our motion.

Observe the exact facts—not a case of omission to file anything—not the case of a *lost* record. But the case where a record has been filed, and a recognizance—papers which, if correct, were the papers required—defendant now, at the last moment, proposes to withdraw these papers or to substitute others—or double them—to have *two* records —two recognizances—contradictory, with different conditions.

Defendant brings from the same justice a certified record and a certified recognizance—says, under his official certificate, these are true,—that, on the day named, a recognizance in this case was made and entered into before him, conditional, as therein set forth. These he files when he enters his appeal, and as the support of the jurisdiction of this court. Finding that this recognizance was void, he now asks to file another and different one, purporting to have been from the certificate of the same justice—does not ask to *withdraw* the others, but simply *files* one upon the others. He does not even call the justice to testify (if he might) as to which is true, but holds on to both, and asks the court not only to take jurisdiction now, but to decide that it has had jurisdiction all along, and from the commencement up to this time.

How can the court, on this state of facts, say which is correct? Why discard the first rather than the second? The first was made at the time, the last recently.

I ask attention to this simple view of the case. There either *was* or there was *not* a recognizance, legal, filed in the case when the appeal was entered. If what was filed was not a recognizance, according to law, then there was no

recognizance, and the court here had no jurisdiction, and all its proceedings have been void, for want of jurisdiction. This would clearly be so, if no paper had been filed. But defendant did undertake to file a recognizance and record. But if this recognizance is void, then there is no recognizance, and the appeal is vacated, and no jurisdiction attaches in this court.

It has been settled in numerous cases, some before cited —11 Maine R., 4 Mass., *Rynde* v. *Ford,*—that the recognizance must be returned to the court, and there made a matter of record, or filed, so that it is, in fact, or can be made, part of the record.

In order to give the court jurisdiction it must be returned at the term when the appeal is entered.

Is the recognizance necessary to to give jurisdiction? If it is, then it must be filed at the term appealed to. This court can only obtain jurisdiction of a justice case by an appeal; the appeal, as all papers show, was to the April term, 1854. My position is, that if this court did not obtain jurisdiction at that term, it could never obtain it at any subsequent term. For by s. 9, ch. 116, the appeal from a justice is to the *next* court. By s. 11, the appellant shall, at the District Court, produce a copy of the record, and *all* the papers filed in the case, " and if the appellant shall fail to produce such papers, and *enter* and prosecute his action, the the court may affirm the former judgment."

Now it is shown, as before, that this court, and courts in Massachusetts, have decided again and again that the recognizance must be filed.

The statute requires the papers to be produced *before* the entry of the appeal.

In an action against recognizors, it is clear that it must be alleged and proved that the recognizance was returned to the court, and if so, it must be to the term to which the appeal was taken.

The defendant appears at the last moment and asks to file another paper, called a recognizance. By the permis-

sion of the presiding judge we have two sets of papers, —two records and two recognizances—in the same case, and on the same appeal, from the same justice, and both certified by him. Suppose that an action was to be brought on the recognizance—which one? If on this last would it not be a defence to say, first, that it was not returned to the term at which the appeal was entered; and, secondly, that there were two records—two recognizances—on file, differing from each other. For be it remembered that the suit must be *based* on the recognizance as it appears on record in this court. We cannot go back to the justice's records— the records and files of *this* court only furnish the instrument declared on. This is clear from the cases before cited, 4 Mass., 11 Maine, &c. How could an action be sustained on one or the other. If suit is brought on the last, then here is a certificate of the same justice that there was a different one. If on the first, then here is a different one.

In *French* v. *Snell* the court held that the appeal was not perfected, by reason that the recognizance contained two provisions not authorized by law; and on motion of the plaintiff, *although the provisions were favorable to him*, the action was dismissed; and why? Because the appellee could *not enforce* it against the appellant and sureties. Now, how could anything be enforced in this case? If on the first recognizance, the answer is, that, according to *French* v. *Snell*, it is void. If the second is sued, the answer is, it was not filed in proper time; and, secondly, that the record shows two recognizances of the same date, and on the same action, and for the same appeal. There must be a recognizance put on file at the time of entry of the appeal, on which an action could be maintained by the appellee, and there can be but one. Appellee is not bound to select from a mass of pretended recognizances *at his peril*, one that may bind. He is entitled to have one, and but one.

To show that the law intends that the recognizance must be filed at or before entry, and before jurisdiction, in this

court attaches, I refer to the case of *Knight* v. *Bean*, 18 Maine R., 219, where the action was dismissed because the recognizance was not filed, within the ten days given by statute. Now, as was well said by Howard, for defendants, before that special statute of 1831, the appeal must have been perfected before adjournment — this law gave ten days. But the recognizance must be filed *within* the ten days. So here it must appear that the appeal was perfected by a recognizance within twenty-four hours. But here appears to have been two. But a legal recognizance must be filed in the appellant *court* at or before entry.

If the case *Commonwealth* v. *McNeil*, 19 Pick. R., is relied upon by the defendant, I answer to that, as touching this recognizance, it is distinguished in several most important particulars.

1. That was in a criminal case, and on a suit of *scire facias*—not a question of jurisdiction.

2. In that case a motion was made *at the time* or *term* of entry by the county attorney, suggesting that there was a diminution of the record, the recognizance returned not containing the *whole*, viz: omitting the *cause* of caption; and the motion was granted by the court. Here is no suggestion of any diminution of the record of the *recognizance*, only a suggestion, at the last moment, of a diminution of the record of the *judgment*, and leave asked to file an amended record of the *judgment* only.

As to the recognizance he suggests nothing, and merely asks to file a paper purporting to be a recognizance in this case, at the last moment.

3. But the great distinction is, that, in the case in Pick., it is a mere amendment or extension of the record, inserting a fact accidentally omitted, the record sent being *imperfect*, and amended from minutes on the docket, but *consistent*, and not contradictory.

The whole extent of that decision is, that where a part only of the record has been sent, and a part omitted, and the

part omitted can be supplied, provided there is something to amend by on the record or docket, and, also, provided that there is no contradiction or inconsistency.

For the reason given by SHAW, C. J., is in so many words : " The two papers produced in the present case are not inconsistent with each other; the difference is, one is a *fuller* statement of the transaction than the other, and being consistent with the truth of the case, which must be taken as true, and *returned at the term* to which it was returnable, it is to be taken as a valid recognizance."

Now this had no reference to the question of the jurisdiction of a court, and whether an appeal had been perfected, so that jurisdiction attached, but only whether the recognizance, which was certified into the Court of Common Pleas, merely to give a civil suit, was sufficient to sustain a civil suit.

But the great distinction, plain, palpable and decisive, is, that here the two papers are vitally, most essentially, inconsistent with each other; not a fuller statement, not an omitted statement, found on record, with the same condition, but totally diverse—a substitute, not an amendment, with conditions *which are different.*

The court, in Massachusetts, did not say, that, if the first recognizance had been perfect in form, that one entirely different in its conditions and requirements might be filed as a *substitute,* for it is clear that no minutes or records could show two entirely different recognizances in all essential particulars; and the reason why an amended recognizance may be filed, is, that there is a *diminution* of the record, not that there is a *contradiction* in the record, and that two contradictory recognizances can be set forth therefrom.

How stands this case ? How can the court say which is the right record? The justice does not appear—his docket is not produced—he is not examined—both cannot be true.

In the case *State* v. *Maher,* 35 Maine R., the justice was allowed, on motion, to *complete* his record by adding another

fact, not to contradict, or withdraw and substitute a totally different one.

*D. D. Stuart*, counsel for the defendants.

The exceptions show that this case was tried originally before a justice of the peace, and the defendants appealed. The appeal was duly entered in this court, at the April term, 1854, and the case was continued from term to term, until January term, 1856, when it was tried, and a verdict was returned in favor of the defendants. No objection was made by the plaintiffs to the regularity of the appeal, or the correctness of any of the papers on file in the case. On the contrary, a motion was made for a new trial, on the ground of newly discovered evidence, and the case was again continued more than a year before a hearing was had upon said motion. During all this time, a period of more than three years after the appeal was entered in this court, no objection was made by the plaintiffs to its regularity, or to the form of any of the papers. And finally, a full hearing was had upon the motion for a new trial, and the motion was overruled. After all this, the plaintiffs come forward with a motion to dismiss for want of a proper recognizance.

1. The defendants say, first, that the plaintiffs cannot be allowed, *in this stage of the proceedings, to interpose any motion whatever* to prevent judgment being entered upon the verdict. In *Swett* v. *Stubbs*, 34 Maine R., 178, the court held that after exceptions have been filed and overruled, the prevailing party is entitled to judgment, and the case is no longer open to the introduction of testimony to prove any fact upon a motion to prevent judgment. In such case the party is *out of court*, and has no right to interpose any objection or motion to prevent judgment. It is not perceived why the same principle is not applicable to the present case. A *bill of exceptions* is, in its nature, simply a *motion for a new trial*. *Here* was a *motion for a new trial*. And when that motion was overruled, the plaintiffs were *out of court*,

and had no right whatever to interpose any motion to prevent judgment, or to offer any proof in support of it. We deny, then, any right of the plaintiffs *to make the motion* in that stage of the case.

2. The motion comes *too late.* Shall a party be allowed to lie by after an appeal is entered from a justice of the peace—go to trial on that appeal, without making any objection to its regularity—take his chance of obtaining a verdict, and after a verdict against him, file a motion for a new trial, and after his motion for a new trial is overruled, then, for the first time, object that the appeal was not regularly taken? If so, he might make the same objection *after* his *motion for a new trial had been sustained,* and a *second verdict* had been *returned against him.* None of the cases that are cited for the plaintiffs sustain any such proposition as this. The objection was taken *before going to trial, in every case cited.* We respectfully contend that the motion comes *too late. Lane* v. *Roberts,* 3 Gray R., 515.

3. It was no part of the duty of the defendants, as appellants, to bring up a recognizance. They were simply to produce " a copy of the record of the judgment of the justice, and of the papers filed in the cause." R. S., ch. 116, s. 11; *Holden* v. *Barrows,* 39 Maine R., 135.

The statute does not require the appealing party to produce a recognizance in the court above. It is no part of *his* papers, nor is it any paper necessary in the trial. If a recognizance is required by the appellee before an appeal is allowed, it is the *duty of the justice* to return it to the court appealed to. *Bridge* v. *Ford,* 4 Mass. R., 643; *Johnson* v. *Randall,* 7 Mass. R., 340; *Exparte Neal,* 14 Mass. R., 205; *Longley* v. *Vose,* 27 Maine R., 188.

But it is perhaps unimportant to determine whether the justice or the appellants should bring up the recognizance. Because, if it is the duty of the justice, he has performed that duty by sending up the proper recognizance, which is now on file. If it is the duty of the appellants, they have fulfilled it, by bringing the proper recognizance here at the

same term the plaintiffs made their objection, for want of one, and it has been filed by the leave of the court, among the papers in the case. It was time enough to file a recognizance, when an *objection* was made for *want* of one, there being no dispute that the proper recognizance was actually and seasonably entered into.

4. Whether an appeal has or not been properly taken, must be proved by the record of the judgment of the justice, before whom the cause was tried below. In the present case, both the original and the amended record show that an appeal was properly taken. And this record is conclusive evidence of the appeal. No other proof will be received to show the appeal—none other to disprove it. *Gammon* v. *Chandler*, 30 Maine R., 154; *Moody* v. *Moody*, 2 Fairf. R., 247; *Harris* v. *Hutchins*, 28 Maine R., 102; *Paul* v. *Hussey*, 35 Maine R., 97; *Dolloff* v. *Hartwell and al.*, 38 Maine R., 54; *Holden* v. *Barrows*, 39 Maine R., 135. In this last case, SHEPLEY, C. J., says, " The record (of the justice) is not liable to be explained or contradicted by parol testimony, or *extraneous documents*. A copy of the record, regularly authenticated, is the legal and best evidence of it." The form of the recognizance cannot affect the record.

The magistrate had authority to amend the record and recognizance. *State* v. *Maher*, 35 Maine R., 225.

5. But the case finds that the appellants did properly appeal, properly recognize, and the proper recognizance is on file. The statute points out no particular time when the recognizance should be filed. It is sufficient if done any time while the action is pending on the docket.

APPLETON, J. Pleas in abatement to the jurisdiction are to be filed within the two first days of the term at which the action is entered.

The plaintiffs, having obtained judgment in the court below, an appeal was taken, the action entered in this court and continued several terms, when it was tried by the jury and a verdict found in favor of the defendants. After the

verdict, and after several motions for a new trial by the plaintiff's counsel, had been made and overruled, a motion to dismiss, on account of defects in the recognizance, was filed, which, being overruled, exceptions to this ruling of the presiding justice were duly alleged.

The record of the magistrate shows that a recognizance was entered into, and that an appeal was duly taken.

The recognizance taken before the magistrate on an appeal, must be returned to the court to which the appeal is taken. It is there entered of record, and becomes the basis of further proceedings therein. "The recognizance should have been returned to the Court of Common Pleas, to which court the appeal was made, and there filed as a record of that court, upon which the action should have been brought." *Bridge* v. *Ford,* 7 Mass., 209 ; *Bridge* v. *Ford,* 4 Mass., 641 ; *Dodge* v. *Kellock,* 10 Maine R., 266.

No recognizance seems to have been returned with the papers when the appeal was entered. After the motion to dismiss was made, the recognizance taken by the magistrate was returned, and, by leave of court, entered of record. It is in due form, and purports to have been legally taken. As soon as the objection was taken that there was no recognizance, it was at once removed by the production of what purports to be, and in the entire absence of legal evidence to the contrary must be regarded as the original. The plaintiffs have been in no respect injured by reason of its not having been sooner filed.

The records of the court are not completed in respect to any action till final judgment is rendered. It will be the duty of the court to see that the recognizance in this case is entered of record.

The defendants, among other papers, at the entry of the action, filed "a copy of the recognizance," duly certified by the magistrate to be a copy of record. This copy is defective, and variant from the requirements of the statute. If the copy had shown the recognizance to have been ever so formal, it still should not have been returned to this court,

4

nor could it be entered of record here. Neither is a copy admissible to contradict an original record, or to show it defective or informal. The copy of the recognizance can therefore legally have no bearing in the question before us.

The recognizance having, by leave of court, been filed, and thus become a part of the records of the court, and being in due form, shows that the court had jurisdiction in fact, and having jurisdiction, no reason is perceived for disturbing the proceedings.

The cases cited, and relied upon by the learned counsel for the plaintiff, are not in point. In *Hilton* v. *Longley*, 30 Maine R., 220, there was no recognizance taken. In *French* v. *Snell*, 37 Maine R., the original recognizance was fatally defective. In *Dolloff* v. *Hartwell*, 38 Maine R., 55, there was no recognizance taken.

No case has been cited to show that a recognizance may not be filed after the first term, by leave of court, or that, if filed, it may be contradicted or impeached by what purports to be a copy of the same.

This is a court of general jurisdiction. It is not necessary. to show jurisdiction, for it will be presumed till the contrary appears. *Wright* v. *Douglas*, 10 Barb., 97.

The motion in this case may, perhaps, be regarded as in arrest of judgment. " Judgment will be arrested if it appear that there was no writ or process to give the court jurisdiction, but that proceedings have been carried on by consent. If an action, local in its nature, be sued in the wrong county, judgment will be arrested." Howe's Prac., 535; 1 Sell. R., 501; 7 Mass., 353. So a motion to dismiss for want of jurisdiction was treated as a motion to arrest judgment, and it was arrested in *Com.* v. *Emery*, 11 Cush., 406.

But if this be a motion in arrest of judgment, then the R. S., ch. 115, s. 80, by which it is enacted that " no motion in arrest of judgment shall be sustained in the Supreme Judicial Court or District Court in any civil action," expressly prohibits its allowance, and leaves the party to his remedy by ·writ of error, as in *Jordan* v. *Dennis*, 7 Met. R., 590.

In Massachusetts, it is true, the motion to dismiss for want of jurisdiction has been repeatedly sustained after verdict, as in *King* v. *Denny*, 11 Cush. R., 218, where an action of replevin for goods of less value than twenty dollars, was dismissed after verdict for this cause. In *Elder* v. *Dwight Man. Co.*, 4 Gray, 201, the motion to dismiss was made upon appeal from a magistrate, and sustained. In that state the statute prohibiting motions in arrest of judgment expressly excepts objections to the jurisdiction, and this, says SHAW, C. J., in the case last cited, "carries a strong implication that all such objections may be taken at any time before or even after judgment." The statute of this state is most general, and has no exception as to jurisdiction, as is the case in Massachusetts.

The objections taken cannot prevail. The plaintiff omitted or neglected to take exceptions to the defendants' standing in court, when, if not removed, they would have been available, and submitted to the jurisdiction of this court until after a verdict was rendered against him, and after his repeated motions for a new trial were overruled as without legal foundation. He cannot now be permitted to arrest the judgment of this court, especially where it is manifest it had jurisdiction.

*Exceptions overruled.*

GOODENOW, J. Any party, aggrieved by the judgment of a justice, may appeal, &c. R. S. ch. 116, s. 9.

Before such appeal is allowed, the appellant shall recognize with sufficient surety or sureties to the adverse party, *if required by him*, in a reasonable sum, with condition to prosecute his appeal with effect, &c. S. 10.

The record shows that the appeal was allowed. It does not show that the adverse party required a recognizance. *Ei incumbit probatio qui discit, non que negat.* There would be no reason for a recognizance without sureties. It would not add to the security of the appellee. A recognizance is not made a condition precedent to an appeal, unless it is

claimed or required by the appellee, in cases *before justices of the peace.* There has been no trial by jury. The right of appeal should not be unnecessarily burthened. *The punctuation deserves marked attention.*

In appeals from the District Court to the Supreme Judicial Court, a recognizance was a condition precedent. R. S., ch. 97, s. 14. It did not depend upon its being *required* by the adverse party. So of prior statutes.

In *Dolloff* v. *Hartwell and al.,* 38 Maine R., 54, this distinction does not seem to have been noticed by counsel or the court. The opinion is very brief, and refers to *Gammon* v. *Chandler,* 30 Maine R., 54, which simply decides, that the record of the justice that there was no appeal, was conclusive. And also to *Hilton* v. *Longley,* 30 Maine R., 220, which was an appeal from the *District Court,* and not from a justice of the peace, as in this case.

By statute of Mass., March 11, 1784, vol. 1, p. 149, the party aggrieved by the judgment of a justice of the peace, in a civil action, could appeal; but before his appeal could be allowed, he was obliged *absolutely* to recognize, &c.

In criminal cases it was the same.

Mass. Laws, vol. 1, p. 160, s. 3. The cases decided under these provisions are inapplicable to the present case. The presumption is, that every man does his duty, when acting officially and under oath, till the contrary appears. Recognizances are only made necessary by statutes. A defective recognizance, where none is required, would not destroy the appeal. It would not deprive this court of jurisdiction in the case, after it had once passed from the jurisdiction of the magistrate, and had been duly entered here.

If there had been an error or omission in the record of the justice, such as omitting to insert that a recognizance was required by the appellee, the exception should have been taken at the first term. There will be no error apparent on the face of the record, if this court should render judgment in the case; as it will not appear that a recognizance *was required.* If the party did actually recognize be-

fore the appeal was allowed, the appeal was legal. The filing the recognizance in this court is not a condition precedent.

The defect in the recognizance is not that it is deficient, but that there is surplusage in the condition, requiring more of the defendants than the law requires. This was no doubt an error of the magistrate in a mere matter of form. The plaintiff had the security of the whole town without a recognizance, and there was no good reason why he should have required sureties. When a criminal is required to furnish a recognizance to do what the law does not require him to do, *he* may well object that he was in duress *pro tanto*. A recognizance cannot be waived in a criminal case. It may be otherwise in civil cases, for very good reasons; but " sufficient unto the day," &c.

The court had jurisdiction of the subject matter in this case, if it was legally appealed and taken out of the jurisdiction of the justice; and in my opinion the justice should have an opportunity to correct his record, according to the truths of the case, if it needs any correction. The defendants are not in fault; the plaintiff is not injured; he has taken his chance, had a fair trial, and the result upon the merits is against him. If the defendants cannot now have judgment on the verdict, I shall lament the magical force of the merest forms. R. S., ch. 97, s. 14, 17.