Parsons, C. J.
We are satisfied that this declaration is bad for several reasons.
1. It does not appear from any part of the record, of which the recognizance is now a part, that the justice had any jurisdiction in the cause therein referred to. We cannot conjecture * in what manner the process was instituted, or what was [ * 643 ] the cause of it, or whether it was a cause within the jurisdiction of a justice of the peace. And we cannot presume any thing in favor of the jurisdiction of an inferior magistrate, as it is not general, but given and limited by particular statutes. In the condition of the recognizance, the justice ought to have recited so much of the cause, that it might appear that he had legal cognizance of it. If it were not within his jurisdiction, the proceedings, as well as the recognizance, are void.
2. The recognizance does not appear to have been delivered to, and entered of record in the Common Pleas. Debt, as well as scire facias, will lie on a recognizance to a party; but this recognizance must be matter of record, and in debt upon it, the defendant may plead nul tiel record. Whenever, therefore, a justicie recognizes a party to appear at any court of record, it is his duty to transmit the recognizance to that court, that it may be entered of record.
3. There is a material variation between the declaration and the *564 recognizance, as it appears to be acknowledged on a condition which is totally omitted in the counts. If this can be got over, as variance is not assigned for cause of demurrer, yet the declaration is substantially bad, for oyer of the recognizance being had, and it being spread on the record, it must now be taken as part of the plaintiff’s second count. The debt is then acknowledged on condition, and (unlike the case of a bond in pais upon condition) no debt is due until the condition is broken. But the breach of the condition is nowhere alleged. In 2 L. Raym. 1256, there is a precedent of debt on a recognizance of bail, and many other precedents of the like action are given and referred to in 7 Wentworth’s Pleadings, 54—88. In all, the recognizance is alleged, either to be taken by a court of record, or to be delivered to the court and recorded. In all, the condition is set oút, and a breach of it alleged. In a recognizance to the party, it may not be necessary that the breach of the condition be a matter of record, as it is when the recognizance is to the commonwealth, who can take only by record.
In this latter case, it is usual to call a party recognized to [*644] appear, * and to enter his default on the record. But this last point it is unnecessary to decide.
The condition of the recognizance is no part of the first count; but it is clear that an action of debt does not lie on any acknowledgment of a debt taken before a justice of the peace.
It appears to the Court that the declaration is bad, and insufficient in law for the plaintiff to maintain this action; and the defendant must have judgment for his costs.