The opinion of the Court was afterward drawn up by
Parker C. J.
The first count would have been adjudged bad on demurrer, for it does not show by what authority the recognizance therein mentioned was taken; but issue is joined on the plea of nul tiel record. The proper course of pleading would have been, to have prayed oyer of the recognizance and to have demurred. However, on the issue of nul tiel record it must be adjudged in favor of the defendants, for the record shows a recognizance with a condition, which is not such a recognizance as is set forth in the declaration. 4 Mass. R. 641 ; Ward v. Griffith, 1 Ld. Raym. 83.
But the question which goes to the merits of the case and *241 settles it conclusively, arises under the first plea to the second count. This also ought to have been presented in the form of a demurrer, after spreading the recognizance on the record upon oyer. It is founded on the alleged want of jurisdiction in the Court of Common Pleas to require and take a recognizance in that form, or any recognizance except such as is prescribed in the general statute providing for appeals from that court. And we are of opinion that this objection is fatal. The St. 1825, c. 89, § 3, [Revised Stat. c. 104, § 9,] provides for such a recognizance as is described in the second count, *o be taken before the justice of the peace before whom the process is instituted, when the defendant shall plead a title in himself, or any other person, to the premises which he occupies ; but in the same section it is provided, that either party shall be allowed to appeal from the judgment of the Court of Common Pleas in the same manner as if the suit had been originally commenced there. This gives that court no power to take any recognizance but such as are to be taken in all cases of appeal, as provided by St. 1820, c. 79, § 4 ; [Revised Stat. c. 82, § 6 ;] which is only to secure the costs after the appeal. The recognizance is therefore void ; and even if it were good to secure the costs, it sufficiently appears by the pleadings, that so much of the condition as relates to costs, has been performed, and therefore the replication to the pleas stating that fact would be bad.

Judgment for defendants.