## DODGE *vs.* KELLOCK.

In debt on a recognizance entered into before a justice of the peace, condi-
tioned for the prosecution of an appeal, the declaration should contain an aver-
ment that the recognizance had been returned to, and entered of record in,
the Court of Common Pleas. And the omission thereof being matter of sub-
stance, the defendant may avail himself of it by *general demurrer.*

THIS was an action of *debt,* commenced in the Court of
Common Pleas, on a recognizance entered into before a jus-
tice of the peace for the prosecution of an appeal, payment of
costs, &c. The plaintiff stated in his declaration that, though
judgment in said suit had been rendered in his favour by the
Court of Common Pleas for costs, &c., yet that the defendant
had never paid the same. But the declaration contained no
averment that *the recognizance had been returned to, and made
a part of the record in the Court of Common Pleas.*

There was a general demurrer to the declaration, which was
joined.

*Barnard,* for the defendant, cited the case of *Bridge v.
Ford,* 4 *Mass.* 641 ; and *Harrington v. Brown & al.* 7 *Pick.*
232.

*Farley,* for the plaintiff, contended that the case of *Bridge
v. Ford,* was not analogous to the present, inasmuch as *that*
was for not entering an appeal, while *this* is for the non-payment
of the cost accruing after the appeal. Here also, judgment was
rendered in the Court of Common Pleas in the appealed case,
which could not have been done, unless the recognizance had
been returned to, and made a matter of record in said Court.
Profert of the record of said judgment is made in the declar-
ation, by which it appears that the recognizance was so re-
turned and recorded.

But this objection if it have any weight, should have been
set forth in a *special,* not a *general* demurrer. *Dole v. Weeks,*
4 *Mass.* 451.

The opinion of the Court was delivered by

WESTON J. — In *Bridge v. Ford*, 4 *Mass.* 641, cited in the argument, which was debt on a recognizance, entered into before a justice of the peace, conditioned for prosecuting an appeal, it was held essential that the recognizance should appear to have been returned, and entered of record in the Common Pleas. The recognizance declared on, contains no averment to this effect, although it is of a similar character. It is said that this case is distinguishable from that, as there the appeal was not prosecuted, which was done here, and judgment rendered upon the appeal. Hence it is insisted that the recognizance was returned, and that it would so have appeared, upon an inspection of the record. But we are satisfied that the averment of this fact, which is essential to the liability of the defendant, should have been distinctly and affirmatively made in the declaration ; and that is matter of substance, of which advantage may be taken on general demurrer. The declaration is therefore bad as it stands ; but may be amended upon motion, on payment of defendant's costs.