## Libby *vs.* Main & al.

In an action of debt on a recognizance to prosecute an appeal, taken before a Justice of the Peace, it must appear that the recognizance was returned to, and entered of record in that Court to which the appeal was allowed.

It should also appear from the record, that the Justice had jurisdiction of the cause in which the recognizance was taken.

This was an action of debt on recognizance to prosecute an appeal taken before a Justice of the Peace. The defendant demurred to the declaration, and the demurrer was joined.

It was not averred in the declaration that the recognizance had in fact been returned to the term of the Court at which it was returnable —or that the Justice had jurisdiction of the cause in which it was taken. These defects, it was contended, by *Wells,* counsel for the defendant, were fatal to the action. In support of which he cited *Johnson v. Randall,* 7 *Mass.* 340 ; *Bridge v. Ford,* 4 *Mass.* 641 ; *State v. Smith,* 2 *Greenl.* 60.

Libby *v.* Main & al.

*Boutelle*, for the plaintiff, cited *Clapp* v. *Clapp*, 4 *Mass.* 520; 2 *Chit. Pl.* 177; 1 *Saund.* 74, *n.* 3; 1 *Wilson R.* 284; *Com. Dig. Tit. Pleading*; 5 *Dane's Abr.* 288; 2 *Saund. R.* 59, *n.* 3.

PARRIS, J. — To support an action of debt on a recognizance to prosecute an appeal taken before a Justice of the Peace, it must appear that the recognizance was returned to, and entered of record in that Court to which the appeal was allowed. *Bridge* v. *Ford*, 4 *Mass.* 641. That does not appear in the case before us.

It should also appear from the record that the Justice had jurisdiction of the cause in which the recognizance was taken, for otherwise the proceedings as well as the recognizance are void.

The counsel for the plaintiff has compared this to the case of bail bonds given to the Sheriff, for the defendant's appearance at the return day of the writ, and contends, that as the nature of the action is not required to be inserted in the condition of the bond, so it is not necessary that it should be set out in a recognizance.

In bail bonds, it must clearly appear that the Sheriff had authority to act in the premises; — and nothing further is required in a recognizance. — In either case sufficient must be set forth from which it may appear, that the individual taking the bond or recognizance, acted in an official character, and that the act was within his official cognizance; and as the jurisdiction of Justices of the Peace is given and limited by particular statutes only, and nothing can be presumed in favor of such jurisdiction, the recognizance should contain a recital of so much of the cause as would show that it was embraced within the Justice's cognizance.

In this case, the instrument declared on is similar to that in *Bridge* v. *Ford*, which was adjudged defective.

We have taken some measures to ascertain what has been the practice in recognizing and certifying recognizances by the magistrates in the several counties. From all the books of precedents and forms, which have come within our knowledge, as well as from the practice so far as we have been informed, it appears that the usual mode is to embody in the recognizance such a description of the action as will clearly show that the Justice taking it had cognizance thereof.

The opinion, which we are called upon to give in this case, to conform to the principles adopted in *Bridge* v. *Ford*, will not, therefore, change the existing general practice, but be in conformity to it.