## JOSIAH W. DODGE vs. MOSES KELLOCK.

No action can be maintained on a recognizance, entered into before a Justice of the Peace, to prosecute an appeal; unless the jurisdiction of the justice rendering the judgment, and the cause for which it was rendered, appear in the recognizance.

No presumption is to be made in favor of the jurisdiction of a Justice of the Peace.

THE action was *debt* on a recognizance entered into before a Justice of the Peace, and was brought originally in the Court of Common Pleas. At the first term in that court, the defendant demurred generally to the declaration. In this court, 1 *Fairf.* 266, the declaration was adjudged bad; but leave was given to amend on terms. To the amended declaration the defendant, after oyer of the recognizance declared on, demurred specially, assigning ten causes of demurrer. The plaintiff joined in demurrer.

The recognizance was entered into before *Ebenezer Thatcher*, as a Justice of the Peace, by *Findley Kellock*, as principal, and the defendant as surety, in the sum of fifty dollars, to be levied, &c. if default should be made in performance, of the following condition. " The condition of the above obligation is such, that if the above named *Findley Kellock* shall at the next Court of Common Pleas for said county of *Lincoln*, which is to be holden at *Topsham*, in said county, on the fourth *Tuesday* of *August* next, prosecute with effect an appeal by him made from a judgment obtained against him by the said *Josiah W.* at a Justices' Court, which was holden before me, the said justice, at my office in said *Thomaston*, on the day and year aforesaid, and also to pay all intervening costs and the rent of the premises, if judgment be given for complainant; then the above obligation to be void — otherwise to remain in full force."

*M. Smith* read the written argument of *Ruggles*, for the defendant, in support of the demurrer.

It is well settled, that a recognizance taken by a magistrate of inferior jurisdistion, in favor of which nothing is to be presumed, must recite so much of the cause of caption, as to enable the court to judge, whether he had jurisdiction of the subject, and

Dodge *v.* Kellock.

had a right to require such recognizance. *Bridge* v. *Ford,* 4 *Mass. R.* 641; *Same case,* 7 *Mass. R.* 209; *Commonwealth* v. *Downey,* 9 *Mass. R.* 520; *Commonwealth* v. *Daggett,* 16 *Mass. R.* 447; *Harrington* v. *Brown,* 7 *Pick.* 232.

There is nothing in the recognizance in this case by which any one can conjecture what was the cause of action, or even whether there was any. It mentions a judgment, but what right to render a judgment of any kind against *Findley Kellock,* does not appear. Nor does it shew, if any action was pending, what its nature was; whether ejectment, trespass, replevin or debt. No defect in the recognizance can be remedied by any allegation in pleading. It is itself the record declared on. It is the only record which, as a foundation for a suit, is required to be returned into the Court, where the suit is brought, and is the only record in this case alleged to be returned. The judgment alleged in the declaration to have been recovered against *Findley Kellock,* in the C. C. Pleas, cannot be made to cure any defect in the recognizance, even if the declaration had alleged, that the judgment was recovered in the same action or proceeding in which the appeal was made. It could not be used, but for proof of a breach of condition. *Commonwealth* v. *Daggett,* before cited.

There is no sufficient breach assigned. The declaration merely states, that the plaintiff recovered against *Findley Kellock costs of suit,* and that those costs have not been paid. There is no allegation, that the appeal was not prosecuted, nor that the costs recovered were in the same suit, and none, that intervening costs were recovered. There might be a recovery of costs, but none after the appeal.

A want of notice before the suit of intervening costs having been recovered, and the amount, is fatal to this action. The settled rule is, that when the event upon which a certain act is to be done, or liability arise, is equally within the knowledge of both parties, no notice is necessary. But if it be more within the knowledge of the conusee or obligee, than in that of the conusor or obligor, notice must be given before the action will lie. 1 *Chitty on Pl.* 360; 2 *Saund.* 62, *n.* 4; *Com. Dig. Pleader, C.* 73. This objection was overruled in *Hobart* v. *Hilliard,* 11

*Pick.* 143, but that was on the ground, that the defendant was the attorney and entered the action, and therefore must be presumed to know the fact. But in this case, the plaintiff must necessarily know how the fact was, and the defendant had no better means of knowing, than any indifferent person.

There should have been a demand. The undertaking of the defendant was but conditional and collateral. The plaintiff might have elected to proceed against *Findley Kellock* on the execution; and therefore a demand was necessary, and a refusal, before a suit can be maintained against the defendant.

But the justice had no right to take such a recognizance in any suit whatever. None such is authorized by law in any case. There is a very material difference between this and that most resembling it, the proceedings by complaint for forcible entry and detainer. By the provisions of that act two sureties are required for the prosecution of the appeal and the payment of costs, and but one for the payment of rent. Here being but one, he must be considered surety for the rent, if anything; the justice had no power to require one to pay costs. And for that cause the recognizance is void. The condition of this recognizance is to pay intervening costs only. The statute requires the recognizance, in this process, to be to pay all costs. If it be said, that the error is in favor of the defendant, and that therefore it is not for him to object, the reply is, that it is a judicial proceeding prescribed by law, and not arising from contract. The justice has no right to take any other, than the one prescribed by statute.

The condition of this recognizance is " to pay the rent of the premises." The statute requires it to be to pay " such reasonable intervening rent for the same lands, as the justice shall adjudge." In this respect the recognizance is erroneous and void.

But had the proceedings been correct in point of form, yet the recognizance would be void, because a justice of the peace has no jurisdiction of forcible entry and detainer. It is cognizable only by a justice of the peace and of the quorum. The declaration as well as the recognizance shows, that he acted as a justice of the peace only.

*Mellen* and *Farley*, for the plaintiff.

Dodge v. Kellock.

It appears by the condition of the recognizance, that a judgment had been rendered by justice *Thacher* against *Findley Kellock*, and that he had appealed from it to the Court of Common Pleas ; and these facts appear on oyer. It is too late now to allege want of jurisdiction of the the justice. He should have pleaded want of jurisdiction, and thus have prevented a judgment against him. By the declaration demurred to, it appears, that the judgment appealed from was confirmed in the Court of Common Pleas, and that judgment is in full force. It is a good and binding judgment until reversed.

By the statute of 1824, *ch.* 268, § 3, justices have the right to require such recognizances for payment of costs and reasonable rents. The justice did not give judgment for any rents, and therefore the amount does not appear in the recognizance. The declaration refers to the record, and the record gives the perfect and legal history of the proceedings of the justice, and therefore perfect certainty is obtained by it.

In making up costs, the whole costs are taxed together, and the judgment is entire. The declaration states that costs were recovered in the Court of Common Pleas, and that they were unpaid. They must necessarily be intervening costs, and when judgment is made up in this suit, if there is any chancery on a recognizance, the amount will be ascertained.

The declaration does state, that the record of the justice and the recognizance were returned to the Court of Common Pleas, and that judgment was recovered in the same process for possession and for costs. This is sufficiently certain.

It appears by the condition of the recognizance, that *Ebenezer Thacher* was a justice of the peace, at the time he tried the cause ; and if he was not of the quorum, and therefore had not jurisdiction of the cause, the want of it should have been pleaded in abatement, as has been said. In the judgment referred to, it is stated, that *Thacher* was a justice of the quorum.

The defendant bound himself for the doings of his principal, and was thereby as much bound to know what the judgment was, as the principal. No demand was necessary prior to the commencement of the suit, any more than if he had signed a bond for the payment of money, which had become due.

After a continuance for advisement, the opinion of the Court was drawn up by

WESTON C. J.— Under leave to amend, a new count has been added to the plaintiff's declaration, which has removed the objection, which was sustained upon the former joinder in demurrer, between these parties. 1 *Fairf.* 266. But we are constrained under the authority of former decisions, to give effect to other objections, which cannot be removed by amendment.

In *Bridge* v. *Ford,* 4 *Mass. R.* 641, which was debt on a recognizance taken before a justice of the peace, *Parsons C. J.* in delivering the opinion of the court, says that no presumption is to be made in favor of the jurisdiction of an inferior magistrate, and that " in the condition of the recognizance the justice ought to have recited so much of the cause, that it might appear that he had legal cognizance of it." And in the *Commonwealth* v. *Downey,* 9 *Mass. R.* 520, which was *scire facias,* upon a recognizance entered into by the defendant, in the municipal court for the town of *Boston,* conditioned to prosecute an appeal, " from a judgment given against him in the municipal court," the action was not sustained, because the recognizance did not recite the cause of its caption. This was held fatal, as well as another objection of a different character. In this last case the nature of the judgment, and the cause for which it was rendered, could have been ascertained by the judgment itself, as it might in the case before us. In neither is there any direct reference to the judgment, as remaining of record in the court, by which it was rendered.

As therefore neither the jurisdiction of the justice rendering the judgment, nor the cause for which it was rendered, appears in the recognizance, it presents no sufficient cause, upon which to charge the defendant. If we could go out of the recognizance to the other proceedings in the case, enough may be found to supply these omissions; but we do not feel at liberty to do so, against the authority of the foregoing decisions, by which it was held necessary, that the cause of caption, and the jurisdiction of the court or justice, taking a recognizance, should appear in the condition.

*Declaration adjudged bad.*