Dewey, J.
The cases cited by the counsel for the plaintiff in error, which have been decided by this court, although they well support his position, that to maintain an action of debt upon a recognizance, the jurisdiction of the court taking the same must appear affirmatively, yet do not present facts en tirely similar to those of the case now under consideration. In the case of Bridge v. Ford, 4 Mass. 641, the first count was general, alleging that the defendant acknowledged himself indebted, See., but not that the recognizance was on condition ; nor was there any thing therein to show, that the justice taking the same had jurisdiction. The second count alleged that the defendant entered into a recognizance, “ a copy of which the plaintiff brings into court.” Here the recognizance, with all its detail, was brought before the court* but neither in its condition, nor elsewhere, was there any sufficient allegation of the cause of taking it, to show the jurisdiction of the justice. But further; there was no breach of the condition of the recognizance alleged, and this was held a sufficient reason for render *448 ing judgment for the defendant, in a suit upon the recognizance. In that case, also, there was nothing to show that the recognizance had been delivered to, and entered of record in, the court of common pleas; in both which respects, as we shall hereafter more particularly notice, the present case differs from that cited.
In the case of Commonwealth v. Daggett, 16 Mass. 447, it was merely decided, that it is essential to the validity of a recognizance, that it should show the cause of taking. In that case, the question was not as to the sufficiency of the pleading, but really as to the sufficiency of the evidence, to support any action under any forms of pleading. The condition was recited, and it was held to be insufficient.
In the case of Harrington v. Brown, 7 Pick. 232, which was an action of debt upon a recognizance, the pleadings alleged a recognizance acknowledging an indebtedness generally, but there was no recital or allegation, that it was a recognizance with a condition thereto annexed; the case came before the court on a plea of nul tiel record, and under that plea, the variance arising from the condition was held fatal. It is true, that the court, in the opinion delivered in that case, remark, that the first count, which set forth the cause of action, thus: “ that the defendant, at Dedham, on the 19th of September, 1826, by his recognizance, acknowledged himself to be indebted to the plaintiff, in the sum of $110, as by the record remaining in the supreme judicial court for the county of Norfolk will fully appear,” would have been bad on demurrer, on the ground that it did “ not show on what ground the recognizance was taken.” But this latter point was not strongly before the court; the action failing, as already stated, by reason of a variance between the proof and the allegations, as well as for the further reason, that the record, when fully exhibited, showed a want of jurisdiction in the court taking the recognizance. The remark that the declaration would have been bad on demurrer was a mere obiter dictum.
If it were otherwise, there are some distinctions between that case and the present, which are proper "to be noticed. In the case now before us, all difficulty as to a variance is *449 avoided in the declaration; which asserts that this recognizance was taken by the police court of Boston, and which is an important element, that it was taken upon condition, and that the defendant “ had not performed that condition, but avoided and made default, as appears of record in said municipal court.” But the declaration does not set out the condition in detail, nor does it recite the form of the recognizance, or the cause of taking the same. If it had done so, we understand no objection would arise as to its sufficiency, as to the authority of the police court, but it would fully show a legal cause for taking the same. Now it is directly averred, that the recognizance was taken in the “ manner and form, and upon the condition, set forth in the record of said recognizance here in court to be produced.” This is substantially alleging in the declaration all the facts set forth in the recognizance, and all its recitals of the cause of taking. The declaration, substantially, though not formally, alleges all the matter contained in the recognizance, when the same shall be fully spread out upon the record of the case, upon oyer prayed, or in whatever form it may be brought before the court. Under this form of declaring, if the defendant would avail himself of any defect of jurisdiction or otherwise, by craving oyer of the condition of the recognizance, (of which profert was made,) and having the same stated at large, he would then have the benefit of all defects in the same, if any exist.
The allegations in this declaration are in our opinion sufficient to bring the case, coming before us as it does by a writ of error, within the Rev. Sts. c. 100, §§ 23 and 24, providing for amendments in such cases, and declaring that no judgment shall be reversed for any defect or imperfection in matter of form, which by law might have been amended.
The general allegation here used gave the form', manner, and condition of the recognizance, to be as thus contained in the record in court, and averred that the recognizance was upon a condition. This general reference would have authorized an amendment, embracing an entire copy of the record of the recognizance, if the objection had been taken pending the original action. Assuming, then, as we do, that this record does in *450 fact contain a recital of all the necessary facts to show a legal authority for taking the recognizance, then the assignment of errors for this cause cannot avail the plaintiff in error. If otherwise, of course, the reference to the record for the recitals, and for the cause of taking, would be unavailing to the government.
As to the jurisdiction of the municipal court of suits upon recognizances properly taken and returned into that court, that is conferred by St. 1844, c. 44. Whether this recognizance was duly taken, must depend upon the other question already considered.

Judgment for the defendants in error.