STATE, *by Complaint and Warrant for search, versus Spirituous Liquors, and* CHARLES STAPLES.

A magistrate has no authority to issue a warrant to search a *dwellinghouse*, for intoxicating liquors alleged to be kept for illegal sale, on the complaint of three persons competent to be witnesses, unless it shall *first* be shown to him by the testimony of witnesses, reduced to writing and verified by oath, that they have reasonable ground for believing that such liquors are *there* kept for illegal sale.

Unless the warrant shows this preliminary proceeding, it is void.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

COMPLAINT was made to a magistrate by three persons competent to be witnesses in civil suits, on the 12th day of Dec., 1853, that they "had reason to believe that spirituous and intoxicating liquors were, and still are kept and deposited by Charles Staples, of Biddeford, in said county, in the dwellinghouse of said Charles Staples, situated on the south-easterly side of the road leading from Biddeford village to Kennebunk, and occupied by said Staples," &c.

On this complaint the magistrate issued his warrant, authorizing the officer to search said dwellinghouse, for such liquors, and if found, that said Staples should be apprehended, &c.

The officer executing the warrant found a large quantity of intoxicating liquors in the dwellinghouse, and apprehended the said Staples, and carried him before the magistrate, where he was convicted, and the liquor and vessels ordered to be destroyed.

An appeal was taken to the Supreme Judicial Court, where was another trial and the defendant convicted.

He seasonably filed a motion in arrest of judgment for the following reasons : —

1. Because said complaint does not negative all the exceptions in the statute.

2. Because the warrant is not directed to the officer or officers, as by the statute provided.

3. Because it does not appear by said complaint or warrant, that the magistrate before issuing the warrant, took the testimony of witnesses as directed by § 11, of the Act of 1853, in addition to c. 211, of laws of 1851.

4. Because the warrant does not appear to be issued upon such testimony as directed by said § 11.

5. Because said complaint and warrant and the record of conviction are, in other respects, informal and insufficient.

This motion was overruled and defendant excepted.

*Wilkinson*, for respondent, argued in support of the motion.

*Evans, Att'y Gen., contra.*

HATHAWAY, J. — The proceedings, in this case, were under a warrant which commanded the officer to whom it was directed, to search the defendant's dwellinghouse for spirituous and intoxicating liquors, believed by the complainants to be kept and deposited therein for illegal sale.

The defendant moved in arrest of judgment for various reasons, among which the third one assigned was, "because it does not appear by said complaint or warrant that the magistrate, before issuing the warrant, took the testimony of witnesses as directed by § 11, of the Act of 1853, in addition to c. 211, of Laws of 1851." The statute of 1853, c. 48, § 11, provides that "no warrant shall issue for the search of any dwellinghouse in which, or a part of which, a shop is not kept, or other place is not kept for the sale of such liquors, unless it shall first be shown to the magistrate, before a warrant is issued for such search, by the testimony of witnesses upon oath, that there is reasonable ground for believing that such liquors are kept or deposited in such dwel-

linghouse or its appurtenances, intended for unlawful sale in such dwellinghouse or elsewhere; which testimony the magistrate shall reduce to writing, and cause to be verified by oath or affirmation of such witnesses, and upon such testimony, so produced and verified, he may, upon complaint of three persons, &c. issue his warrant." It was *only* "upon such testimony, so produced and verified," that the magistrate had any authority "upon the complaint of three persons" to issue his warrant to search the defendant's dwellinghouse.

Nothing is to be presumed in favor of the jurisdiction of a justice of the peace, as it is not general, but given and limited by particular statutes. *Bridge* v. *Ford*, 4 Mass. 641.

The jurisdiction of an inferior tribunal must appear upon the face of its proceedings. *Granite Bank* v. *Treat & al.* 18 Maine, 340; 35 Maine, 129.

The proceedings, in the case at bar, show no compliance with those requirements of the eleventh section of the Act of 1853, which were made indispensable and preliminary to issuing the warrant, and the defect is fatal.

*Exceptions sustained and judgment arrested.*

SHEPLEY, C. J., and HOWARD, RICE and CUTTING, J. J., concurred.