LEVI LEATHERS *versus* JAMES E. COOLEY *& al.*

To sustain an action upon a recognizance taken to prosecute an appeal from a judgment of a justice's court, it is not necessary that it be recorded at length in the appellate court;. the certificate of the clerk upon it, showing it to have been filed before the suit was commenced, is a sufficient record.

But a final judgment for the plaintiff must be proved; and where the appellant had neglected to furnish copies of the papers necessary to make up an extended record, the clerk's docket, showing an entry of the amount of debt and costs recovered, may be admitted as a record of the judgment, although the time has elapsed, within which the papers can be filed, to authorize the clerk to extend and complete the record, as of the term when judgment was recovered. — TENNEY, C. J., and APPLETON and CUTTING, JJ., dissenting.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

THIS was an action of DEBT upon a recognizance to prosecute an appeal from a judgment rendered by a justice of the peace. The appeal was entered at the first term of the Supreme Court which was holden after the appeal was taken. The appellant neither filed nor furnished copies of the papers in the case. The action was continued from term to term from the year 1855 to 1858, when it was referred by rule of Court. At the September term, A. D. 1858, the referee made his report, awarding that the plaintiff recover against the defendant the sum of twenty dollars as damages,

Leathers *v.* Cooley.

and also his costs ; which report was accepted, and the clerk made the following docket entry : — "Report offered and accepted." The plaintiff's costs were taxed, and the bill, assented to by the appellant's counsel as being correctly taxed, was filed with the clerk on the 4th day of December, 1858 ; on which day the plaintiff also filed the recognizance, and on the seventh day of the same month brought his action upon it: The clerk's certificate of the time of filing the recognizance is indorsed upon it.

The clerk testified that he had never made an extended record of the judgment, because he had not received any copy of the writ and other papers ; that the docket entries were all the record he had made of the case.

He also testified on cross-examination — the plaintiff objecting that parol testimony could not be received to affect the docket entry — that he did not enter the amounts of debt and costs in figures upon the docket at the time the bill of costs was filed, nor until the day of the present trial. That it was not the custom or practice in that county to record any recognizance at length, but to place the same upon file.

On the defendant's motion, the Court ordered a *nonsuit;* to which order the plaintiff filed exceptions.

*D. D. Stewart,* in support of the exceptions.

The ground upon which the nonsuit was ordered was that the plaintiff failed to show any *final judgment* in the appealed action.

The plaintiff introduced the recognizance ; no objection is made that it fails to recite any fact necessary to constitute it a valid recognizance. By the clerk's certificate, it is proved to have been filed and recorded before this suit was commenced, although after final judgment. This is sufficient. *Benedict* v. *Cutting,* 13 Met., 181. A recognizance is a contract of record, and a suit on it is not barred until after twenty years.

The entries upon the dockets show a seasonable entry of

Leathers *v.* Cooley.

the appeal; the continuance of the action from term to term; a reference of it by rule of Court; that, at the September term, 1858, the report of the referee was offered and accepted; that judgment was rendered thereon, in the plaintiff's favor, for twenty dollars as damages, and also for his costs. Here was a final judgment for debt and costs. Under the general order of the last day of the term, the clerk is directed to enter up judgment as of that day, in all actions which are not continued, and are to be carried forward upon the docket of the next term, unless some other day has been named in the case, where judgment has been rendered as of some *previous day* of the term. Costs are but an incident to the judgment. And, even when the record is extended, before the costs are taxed and filed, the practice is universal, to leave a blank, that the amount of the costs, when ascertained, may be inserted in the record of the judgment.

Here the costs were taxed soon after the final adjournment of the Court; the taxation was expressly assented to, as being correct, by the adverse counsel, and duly filed in the case.

What more could the plaintiff do? Nothing, but to take out an execution against the defendant. But this he was under no legal obligation to do. *Cook* v. *Lathrop*, 18 Maine, 260. The condition of the recognizance imposed upon him no such duty. That condition, on the part of the defendants, was simply to prosecute the appeal with effect, and pay all costs arising thereafter—which costs they are bound to pay as soon as taxed. *Myrick* v. *Farwell*, 33 Maine, 253.

The authorities are full, clear, and decisive that the clerk's docket is the record of a suit, and of its final disposition in all cases where no other record has been made. *Read* v. *Sutton*, 2 Cush., 115; *Fay* v. *Wenzell*, 8 Cush., 317; *Pruden* v. *Alden*, 23 Pick., 184; *Benedict* v. *Cutting*, 13 Met., 181; *Longley* v. *Vose*, 27 Maine, 185; *Fitzgibbon* v. *Brown*, 43 Maine, 170; *Chamberlain* v. *Sands*, 27 Maine, 467.

The parol testimony of the clerk was inadmissible. The entries upon the docket cannot be affected, controlled, or impeached, by parol testimony. *Matthews* v. *Houghton*, 11 Maine, 377; *Read* v. *Sutton*, 2 Cush., 123.

But, if admitted, it alters nothing. The clerk may make up his record at any time; when made it takes effect, by relation back, *nunc pro tunc.*

It was the duty of the appellant to bring up the papers in the case, and it is not for him to object that the record is not perfect in all its parts, when that imperfection is the result of his own failure to comply with the requirements of the statute.

The plaintiff has a record of the *recognizance* in the appellate Court, and that is sufficient to sustain this action, which is collateral to the matter determined by the magistrate below.

It is not essential to the maintenance of this action on the recognizance, that execution shall ever issue against the defendant for the debt and costs in the appealed action.

The clerk may issue execution upon the docket entry and the award, without a copy of the writ. That, if necessary, may be filed at any time. *Kellar* v. *Savage*, 20 Maine, 202.

. *Folsom*, for the defendant.

The recognizance was not filed in the appellate Court, until after final disposition of the action, and more than three years after it was taken. There was no entry *of record* that it had been filed, nor has it ever been recorded in the appellate Court. It not having been taken by a Court of record, it is indispensable to the maintenance of this action, that it has been entered of record in the Supreme Court. *Langley* v. *Vose*, 27 Maine, 179, and cases there cited. The case of *Paul* v. *Newell*, 6 Maine, 239, is distinguishable from this; there the recognizance was taken in a Court of record.

This being an action of *debt*, cannot be maintained, because no record of the recognizance is shown. This record must be the recognizance as entered of record.

Leathers *v.* Cooley.

2. No record of the judgment in the original suit in the appellate Court was proved. The clerk testified that he had made no record because no papers had been furnished. There can be no breach of the condition in the recognizance, until final judgment in the case. It is the fault of the plaintiff that there is no record of the judgment. It was his duty, by the 35th rule of the Court, as the "prevailing party" to furnish them. It was the duty of the appellant, on entry of his appeal, to produce the copies of the papers, but the plaintiff waived his right to require the appellant to furnish them, by consenting to proceed to trial before the referee, upon the original. The plaintiff might, at any time, have obtained an order of Court, requiring the appellant to file the copies; and, having neglected to do so, until he had become "the prevailing party," the rule of Court made it his duty to produce them.

The entries upon the docket cannot aid the plaintiff; for they can only be received where the record can be legally made up by the clerk at his convenience; but to admit them when the clerk is expressly forbidden to extend the record, would be rendering the 35th rule of the Court a nullity.

The opinion concurred in by a majority of the Justices was drawn up by

MAY, J.—The objection urged in defence to the plaintiff's right to recover, is, that the recognizance upon which he has declared was never recorded in the appellate Court, and that the record does not show that judgment had been rendered in the action wherein it was taken, prior to the commencement of this suit. The only record evidence of the recognizance, and of the rendition of judgment, consists in certain entries found upon the docket of the appellate Court, and upon the back of the recognizance, from which it appears that judgment was in fact rendered and the recognizance filed in that Court before the bringing of this suit. It further appears that the judgment had not in

fact been extended upon the record, because the writ and papers in the case had not been furnished. The entries upon the docket appear upon their face to have been made at the September term, 1858.

The rule is now well established that the docket is the record until the record is fully extended, and the same rules of presumed verity apply to it as to the record. *Pruden* v. *Alden*, 23 Pick., 184. The entries thereon are presumed to have been made by the clerk under the direction and authority of the Court, and this presumption cannot be controlled by the testimony of the clerk or the Judge. *Read* v. *Sutton*, 2 Cush., 115; *Longley & al.* v. *Vose*, 27 Maine, 179. The entries upon the docket sufficiently show that judgment had been entered up before this suit was brought, and the testimony of the clerk, which was offered in defence, to show that such was not the fact, having been seasonably objected to, was wholly inadmissible.

The objection that the recognizance was not in fact entered at large upon the record is alike unavailing. It is sufficient that it was returned to and placed upon the files of the Court. The minute made by the clerk upon the back of it, as well as the direct testimony in the case, shows that this was done before suit brought. This was held to be sufficient in the case of *Paul* v. *Newell*, 6 Maine, 239, where the recognizance was taken in the Court of Common Pleas. In the case also of *Benedict* v. *Cutting*, 13 Met., 181, where the recognizance was taken, as in the present case, before a justice of the peace, and not returned to the appellate court until after final judgment, and then not extended upon the record, it was held that an action afterwards brought upon it might be maintained, because the recognizance itself, being put upon the files of the Court, was a record within the meaning of the law, though not extended on the book of records, and showed upon its face the cause of the caption and the jurisdiction of the justice, and we cannot doubt that such is the law.

The cases of *Bridge* v. *Ford*, 4 Mass., 641, *Dodge* v.

Leathers *v.* Cooley.

*Kellock*, 10 Maine, 266, and *Libby* v. *Main*, 11 Maine, 344, upon examination, are found not to be in conflict with the law as above stated. They were all cases of demurrer to the declaration, and each declaration, upon inspection, was found to contain no allegation of any record, and were therefore properly held to be insufficient. The question was not raised whether the return of the recognizance to the appellate Court, and placing it on file, would be a sufficient record, and there was no allegation or proof, in either case, that any such fact existed.

The suggestion of the counsel in defence, that there could not have been any judgment lawfully made up before the bringing of the suit, because the party prevailing had not filed the papers in the case, as required by the 35th rule of this Court, is based upon evidence tending to contradict the record, and therefore not admissible, and comes with an ill grace from the defendant, whose duty it was to put the papers on file ; and the judgment having in fact been made up, as appears by the docket, which is the only record, the Court will not receive parol evidence of any fact tending to show that it was not made up in accordance with the rule of the Court referred to. The defendant is estopped by the record as it is. He ought not to be permitted to gain advantage, or inflict injury, by his own neglect.

*Exceptions sustained.* — *Nonsuit set aside.*

RICE, GOODENOW, DAVIS and KENT, JJ., concurred.

CUTTING, J., dissenting. — The administration of justice requires this Court to be governed by fixed rules as well of the common law as those established by the Court itself, in furtherance thereof; and the question in this case arises, whether those rules shall be of any avail. The present action is debt upon a recognizance given by the defendant before a justice of the peace, conditioned that "he shall prosecute his appeal with effect and pay all costs after such appeal." And the averment in the plaintiff's declaration, among other things, is, that at the September term of this

Court, 1858, he recovered judgment against the defendant for $20,00 debt, and costs of suit, taxed at $62,67, of which $54,07 accrued after the appeal. The *recovery of the judgment* was a material allegation, and was to be shown at the trial by record evidence remaining in the appellate Court, it being a Court of record. It is not denied that the defendant appealed from the decision of the magistrate and gave the recognizance as before stated. It became, therefore, his duty to furnish the original recognizance and copies of the original papers, and file them in the appellate Court, at the time of the entry of his appeal; otherwise, unless for good cause shown why it was not done, on motion of the appellee's attorney, his appeal should have been rendered ineffectual. But it seems, in this case, no such proceedings were had; neither the papers were furnished by the defendant, or any motion made by the plaintiff, founded on such omission. The appeal was entered at the September term of this Court, 1855; the action referred in the summer of 1858, and the report made and accepted at the September term of the same year; at which term the following is the docket entry under the action, and the only record evidence offered, viz. : "Referred to H. A. Wyman, Esq., 17 (day) Report offered and accepted. Debt $20,00; cost $62,67."

The present action on the recognizance was commenced on December 7, 1858, the plaintiff having caused the recognizance to be filed three days before, and came on for trial at the December term, 1859. From the foregoing elements of proof it became necessary for the plaintiff, in order to maintain his action, to show by legal testimony that he had recovered a judgment, which, in the opinion of the presiding Judge, he failed to do, and a nonsuit was ordered.

Now, then, the question arises, whether at the trial there was legal evidence before the Court, that a judgment had been rendered before the commencement of the action. A judgment is defined to be—"the decision or sentence of the law, given by a Court of justice, as the result of proceedings instituted therein, for the redress of an injury."

And a record to be—"a written memorial made by a public officer authorized by law to perform that function, and intended to serve as evidence of something written, said, or done." But, "every minute made by a clerk of a Court for his own future guidance in making up his record, is not a record." 4 Wash., C. C. Rep., 698. There was then no record of a judgment, or sufficient materials for a record in the possession of the clerk, either when the action was commenced or at the time of the trial; at which time "the clerk testified that he had never made any extended record of the judgment, because he *never* had received any copy of the writ and appeal papers." And, by the 35th RULE of this Court, he never can hereafter make up and complete his record, except upon petition to, and permission by this Court, after due notice to the adverse party, and on the payment of costs by the petitioner to such party, if he appears, and to the clerk for recording the judgment.

It is not denied that docket entries, in some cases, through necessity, may be introduced as evidence instead of an extended record, before the clerk has had time and an opportunity to complete the record, but all the elements necessary for the record should be in his possession, and not otherwise through the neglect of the prevailing party. In this case the copy of the writ, the very basis of the action, and of the proceedings before the magistrate, has never been filed in this Court or been in the clerk's possession. In fact, from what was shown by the plaintiff on the trial, it sufficiently appeared that no record had been or could be made without subsequent proceedings in this Court, which depended wholly upon a future contingency. The elements for the record of a judgment were vague, scattered and chaotic. The great industry of the plaintiff's counsel, and the indulgence of the Court, may hereafter collect and put them into form, and, until that time shall arrive, the plaintiff will have no legal proof of a judgment. In my opinion the *nonsuit* was properly ordered.

TENNEY, C. J., and APPLETON, J., concurred.