### LEVI PECK *vs.* SAMUEL THOMPSON.

If a recognizance contains enough upon its face to show that the case in which it was taken belonged to a general class of cases of which the court had jurisdiction, it is not necessary for it to show in detail that the case did not fall within certain exceptions to that class of cases, of which the court had no jurisdiction.

CONTRACT upon a recognizance entered into on the 30th of December 1858, by the defendant and one Bryant, on an appeal taken by said Bryant and one Emery from the judgment of the justices' court for the county of Suffolk, in favor of the plaintiff, in an action brought by him against them. The material portion of the condition of the recognizance was as follows: " The condition of the above written recognizance is such, that whereas the said Peck, by the consideration of the justices of the justices' court for the county of Suffolk, on the thirtieth day of December current, recovered judgment against said Bryant and one N. S. Emery of said Boston, for the sum of thirty-nine dollars and fifty-three cents, debt or damage, and costs of suit, taxed at four dollars and forty-three cents, in a personal action brought by said Peck against said Bryant and Emery, in which the said Peck set his damages at eighty dollars, from which judgment the said Bryant appealed," &c.

At the trial in the superior court, before *Wilkinson*, J., the

defendant objected that the recognizance did not recite enough to show that the justices' court had jurisdiction of the action in which it was taken, and was therefore void ; but the judge overruled the objection. The defendant alleged exceptions.

*E. M. Bigelow,* for the defendant.

*J. Brown,* for the plaintiff.

DEWEY, J. It seems to be well settled that it is requisite that a recognizance should contain a recital of so much of the cause in which it is taken, as will show that the justice taking it had jurisdiction thereof. *Bridge* v. *Ford,* 4 Mass. 641. *Commonwealth* v. *Downey,* 9 Mass. 520.

The inquiry then is, Does this recognizance contain such recital ? The mere statement that a judgment was rendered by the justice, and an appeal taken therefrom, is not a sufficient statement to show a legal cause for taking the recognizance, as was held in the above cited cases from our own reports. The present case, however, goes further, and recites that the case before the court upon which judgment was rendered, and an appeal taken, was " a personal action brought by said Peck against said Bryant and Emery," the defendants therein, in which the plaintiff " set his damages at eighty dollars." Is this sufficient ? It is to be observed that at the time of taking this recognizance the justices' court of Suffolk county had, as to civil actions, the same jurisdiction as justices of the peace in other counties. The present case is to be governed by Rev. Sts. *c.* 85, §§ 1, 2, modified by *St.* 1852, *c.* 314, §§ 1, 2. The recent changes introduced by *St.* 1859, *c.* 190, and Gen. Sts. *c.* 120, enlarging the jurisdiction of that court, would seem to leave no question as to the case, had it arisen under them. But prior to these statutes, the jurisdiction in civil cases was only to the extent of one hundred dollars. And this was accompanied with an excepting clause, of actions of trespass upon real estate, and cases involving title to real estate. As to these, the jurisdiction was limited to cases where the damages did not exceed twenty dollars.

The position taken by the defendant is, that the recital may all be true, and yet the action have been one of the excepted

33 *

cases, where jurisdiction is limited to twenty dollars. If it be held that the recital must on its face exclude all possibility of want of jurisdiction, the objection is fatal. But on the other hand, if all that is requisite in the form of the recognizance is to state a case of apparent jurisdiction, a case falling within the general provision giving such jurisdiction, then this recital was sufficient. The latter would seem to be a reasonable view to take of the matter, rather than to presume that the case might by possibility belong to the class of cases embraced in the excepting clause of the statute. Practically, no wrong to the party giving such recognizance could ever result from so holding, inasmuch as it would always be competent for him to show by the declaration and pleadings in the case that in truth it was not within the jurisdiction of the court; and this would prevent a recovery.

Adopting this view of the question as the proper one, the objection to the recognizance is not sustained.

*Exceptions overruled.*