## COMMONWEALTH *VS.* CHARLES MERRIAM.

A declaration in an action upon a recognizance taken in a criminal case, which alleges that it was taken before the justices of the police court of Boston, "then and there duly qualified to take bail in the premises," sufficiently sets forth the jurisdiction of the court to take it, although it does not otherwise appear from the declaration or the recognizance that it was taken at a court held for criminal business.

A recital in a recognizance that the principal was charged "with the crime of knowingly receiving stolen goods, as more fully set forth in said complaint," which had been previously referred to, sufficiently shows that he was charged with a crime, if the complaint sets forth the crime in proper form.

A certificate by the clerk of the superior court is not the only competent evidence of the filing of a recognizance in that court.

CONTRACT against the surety upon a recognizance taken in the police court of Boston, the condition of which recited that Mary J. Reynolds had been brought before the court by virtue of a warrant in due form of law issued on a complaint "charging her with the crime of knowingly receiving stolen goods, as more fully set forth in said complaint," and provided for her appearance to answer to the charge in the superior court. The declaration alleged that the recognizance was taken "before the justices of said police court, then and there duly qualified to take bail in the premises." The defendant filed a demurrer, which was overruled; and the defendant thereupon filed an answer, denying that the recognizance was ever duly filed or entered of record in the superior court.

At the trial in the superior court, before *Russell*, J., without a jury, it appeared that all the papers in the case were duly received by the clerk of the superior court for criminal business, that he numbered the case anew and placed the new number in figures upon the back of every paper in the case, including the recognizance, and placed the recognizance in the usual receptacle for recognizances, without writing any word whatever upon it, and without extending it or referring to it upon the records of the court. The assigned causes of the demurrer, and other facts in the case, are stated in the opinion.

The judge found for the Commonwealth, and the defendant alleged exceptions.

*E. M. Bigelow*, for the defendant.

*Foster*, A. G., for the Commonwealth.

METCALF, J. The first alleged cause of demurrer, if found to exist, might have been sufficient, namely, that it does not appear by the declaration, or by the recognizance thereto annexed, that said recognizance was taken at a term or session of the police court for criminal business, and therefore it does not appear that it was taken by a court having jurisdiction of the case. 4 Mass. 641. But, as the declaration avers that the defendant, on the 13th day of December 1862, entered into the recognizance before the justices of the police court of Boston, "then and there duly qualified to take bail in the premises," it sufficiently avers that it was taken before the court held for criminal business; the court held for civil business having no authority to take bail in a criminal case. The jurisdiction of the court, being well alleged, is admitted by the demurrer.

The second and third causes of demurrer present one and the same objection, namely, that the charge of "knowingly receiving stolen goods" shows no offence. And if the complaint had made the charge in that form, it would have been fatally defective. *Commonwealth* v. *Boynton*, 12 Cush. 499. But the recognizance, after thus stating the charge, adds, "as more fully set forth in said complaint," thus referring to the terms of the complaint; and on looking at the complaint we find that it alleges, with technical accuracy, that Mary J. Reynolds, at a certain time and place, "did feloniously receive and have" certain enumerated goods, "she then and there well knowing the same to have been stolen."

The last cause assigned for the demurrer is no legal cause. The clerk's certificate on the recognizance, that it was filed in court, is the regular evidence of that fact, but is not the only sufficient evidence. The superior court rightly overruled the demurrer.

The facts proved at the trial sufficiently supported the averment in the declaration, that the recognizance was returned to the superior court and made a record of that court. *Benedict* v. *Cutting*, 13 Met. 181. *Hawkes* v. *Davenport*, 5 Allen, 390.

*Exceptions overruled.*