JAMES C. MELVIN *vs.* FRANCIS W. BIRD & others.

Suffolk. Nov. 18. — 25, 1881. MORTON, ENDICOTT & ALLEN, JJ., absent.

Under the Gen. Sts. c. 137, § 9, as amended by the St. of 1871, c. 315, § 2, a judgment of the Municipal Court of Boston, for possession of the demanded premises and costs, may be enforced by *scire facias* upon the bond given on an appeal from that judgment to the Superior Court.

An appeal from the clerk to a judge of the same court in the matter of taxing costs after judgment does not vacate the judgment; but, if waived before hearing, leaves the judgment in force as of the day when it was entered.

In a *scire facias* upon the bond given on an appeal from a judgment, in an action under the Gen. Sts. c. 137, for possession of the demanded premises and costs, neither an assignment by the plaintiff of his interest in the premises, nor an

adjudication of insolvency of the principal in the bond, made before the date of the judgment in the former action, and not pleaded in that action, will affect the validity of that judgment, or the liability of the principal or sureties by reason thereof.

SCIRE FACIAS, sued out from the Superior Court, on a bond executed by the defendant Bird as principal and the other defendants as sureties, upon the appeal by Bird from a judgment for possession and for costs rendered in the Municipal Court of the city of Boston in an action brought against him by the plaintiff under the Gen. Sts. c. 137, and conditioned that he should enter the action in the Superior Court, and prosecute his appeal, and pay all rent due, and all intervening rent and damages, with costs, in case the judgment should be affirmed. The writ of *scire facias* was dated May 28, 1880, and alleged that the judgment had been affirmed at April term 1880 of the Superior Court, and as so affirmed was for possession and for $51.93 costs.

Answers: 1st. A denial of all the plaintiff's allegations. 2d. That on April 1, 1880, Bird filed a petition for the benefit of the insolvent laws, and the first publication of notice of the issuing of a warrant thereon was made on the same day, and he had thence hitherto in all respects conformed to those laws. 3d. That, before the rendition of the judgment counted on, the plaintiff had assigned all his interest in the estate of which he demanded possession to Samuel M. Quincy, and in relation to the estate had since acted as Quincy's agent.

Trial by jury in the Superior Court, before *Allen*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff, in proof of the judgment counted on, produced a docket of the Superior Court containing these entries in that case: "January term 1880. February 18. Verdict for the plaintiff. February 20. Proposed exceptions. April term 1880. May 20. Exceptions disallowed. Judgment. May 26. Costs taxed by clerk at $51.99. Defendant appeals. Appeal waived."

The defendants, for the purposes of this trial, admitted that a judgment for possession and for costs was entered at April term, to wit, on May 20, 1880; and that no costs of that action, nor any rent since its commencement, had been paid; but did

not admit, and said they should contest, the validity of that judgment.

After the plaintiff had rested his case, the defendants offered in evidence the docket of October term 1880, in which the entries in the case as of April term 1880 were as follows: "Exceptions disallowed. Judgment. Costs taxed. Defendant appeals. Appeal waived. Disposed of at April term 1880." The defendants contended that these minutes showed that no legal judgment had ever been entered in that action. But the judge required an extended record to be produced, and excluded the docket entries offered by the defendants.

The allegations in the answers of the insolvency of the defendant Bird were admitted to be true.

The defendants called Quincy as a witness, and asked him to produce the lease from himself to the plaintiff of the estate, and, on his answering that he had not the lease with him, proposed to ask him whether the plaintiff had assigned to him the lease of the estate, whether he had made the plaintiff his agent in relation to the estate, and whether the plaintiff had brought this and the former action as his agent. But the questions were objected to by the plaintiff, and excluded by the court.

The defendants requested the following instructions: "1. A writ of *scire facias* cannot be legally sued out, nor, if sued out, sustained, upon a bond given, as in this case, under the provisions of the St. of 1877, c. 236. 2. If the jury find that the allegations of the defendants, as to the insolvency of Bird, have been proved as laid, the judgment counted on is insufficient, as a matter of law, to sustain this action. 3. If the allegations of the defendants as to the position of this plaintiff in relation to the property are found to have been established on the trial, this plaintiff is not, as a matter of law, entitled to recover in this suit; and he is not entitled to constructive damage, but to real damage by him actually sustained, if any. 4. As a matter of law, the judgment offered in evidence was not a final judgment, on account of the appeal from the taxation of costs and non-action after by the plaintiff, looking to a final judgment in the cause, thereby raising a variance between the pleadings and evidence as to the judgment. 5. If this plaintiff assigned his

interest to Quincy on March 1, 1880, or before, the judgment shown cannot be legally a judgment for possession, for, on May 20, 1880, in that event, the plaintiff was not entitled to any such judgment, as matter of law."

There was no evidence admitted to which the third request would apply. The judge declined to give either of these instructions; and instructed the jury to return a verdict for the plaintiff for the amount of the penalty of the bond, $4,500. The jury returned a verdict accordingly, and assessed damages in the sum of $1224.62; and the defendants alleged exceptions.

*P. H. Hutchinson*, for the defendants.

*D. E. Ware*, for the plaintiff.

GRAY, C. J. By the Gen. Sts. c. 137, § 9, a defendant appealing from a judgment that the plaintiff recover possession in an action under that chapter, must "recognize to the plaintiff, with sufficient surety or sureties, to enter the action, to pay all rent then due, all intervening rent, and all damages and loss which the plaintiff may sustain by reason of the withholding of the possession of the demanded premises, and by reason of any injury done thereto during such withholding, together with all costs, until the restitution of the possession thereof to the plaintiff, in case the judgment from which the appeal is made is affirmed. Upon final judgment for the plaintiff, all sums of money then due to him may be recovered by writ of *scire facias* or action of contract upon the recognizance." It was in accordance with the general rules of pleading that such a recognizance should be enforced, either by writ of *scire facias*, because it was matter of record in the appellate court, or by action of contract, because it was for a definite sum that might have been recovered by action of debt at common law. *Bridge* v. *Ford,* 4 Mass. 641. *Curtice* v. *Bothamly*, 8 Allen, 336. Gen. Sts. c. 129, § 1.

The St. of 1871, c. 315, § 2, provides that § 9 of the Gen. Sts. c. 137, "so far as it applies to the Municipal Court of the city of Boston, is hereby amended by striking out the word 'recognize' and inserting in the place thereof the words 'give bond,' and by striking out the word 'recognizance' and inserting in the place thereof the word 'bond.'" As applied to the specified

class of cases, therefore, the last clause of the Gen. Sts. *c.* 137, § 9, as amended by the statute of 1871, explicitly declares that "upon final judgment for the plaintiff, all sums of money then due to him may be recovered by writ of *scire facias* or action of contract upon the recognizance;" and thus in effect treats such a bond (as the bond given by bail in a civil action is treated by the Gen. Sts. *c.* 125, § 8,) as so far a matter of record, and of the nature of a recognizance, that it may be the subject of a writ of *scire facias*.

An appeal from the clerk to a judge of the same court, in the matter of taxing costs after judgment, does not vacate the judgment, as in the case of an appeal to a higher court from the judgment of a lower one; but, if waived before hearing, leaves the judgment in force as of the day when it was entered. It is only in case the appeal from the taxation of costs is heard and determined by the judge, that "the judgment shall be considered as rendered on the day when the costs are finally taxed and allowed." Gen. Sts. *c.* 156, § 24.

Neither the supposed assignment of the lease, nor the adjudication of insolvency, made before the date of the judgment in the former action, and not pleaded in that action, can affect the validity of that judgment, or the liability of any and all of these defendants by reason thereof.

The defendants' own bill of exceptions states that there was no evidence admitted to which the third instruction requested could apply. *Exceptions overruled.*