HENRY L. SLAPE v. STATE OF NEW JERSEY.

In *scire facias* upon an alleged forfeiture of a recognizance, entered into before a justice of the peace, for the appearance of a criminal at the Oyer, it must be averred that the so-called recognizance was filed in the court where the appearance was to be made.

---

On error to the Atlantic Circuit.

Argued at February Term, 1882, before Justice Dixon.

For the plaintiff in error, *A. H. Slape.*

For the state, *A. H. Sharp.*

The opinion of the court was delivered by

Dixon, J.   This writ of error brings up a judgment of the Atlantic Circuit, rendered against Harry Slape, upon his demurrer to a *scire facias* issued at the suit of the state, upon the supposed forfeiture of a recognizance entered into by said Slape before the mayor of Atlantic City, conditioned for the appearance of one Brunk at the Oyer and Terminer of Atlantic county.

It is necessary to notice only one of the reasons alleged for the reversal of this judgment, viz., that the proceedings fail to show that the acknowledgment before the mayor had been made a record, so as to support the suit by *scire facias.*

The authority claimed on behalf of the state for this officer is that of justices of the peace. *Pamph. L.* 1869, *p.* 1226, § 9.

Slape v. State.

In causing malefactors to be apprehended and their appearance secured for trial before higher tribunals, the functions of justices of the peace are wholly ministerial. *Schroder* v. *Ehlers*, 2 *Vroom* 44. Consequently the acknowledgment of a debt before these magistrates in the exercise of this authority, even after it is reduced to writing, is not a record or a complete recognizance until it is enrolled or filed in a court of record. *State* v. *Kruise*, 3 *Vroom* 313. Hence the requirement of our statute, that every justice of the peace who shall let any offender to bail shall certify, send or bring the recognizance of bail to the next term of the court in which the offender shall be bound to appear. *Rev.,* "*Crim. Proc.*," § 14. But unless the acknowledgment has thus become a record, *scire facias* will not lie to enforce it. For this writ, by its very definition, must be founded on some matter of record, as judgments, recognizances and letters patent. *Bac. Abr.,* "*Sci. fa.*," *A* ; 2 *Tidd's Pr.* 982. It is also a principle well settled that this writ can issue from no court but the one in possession of the record upon which it issues. *Com.* v. *Downey,* 9 *Mass.* 520. Accordingly, when our statute authorized *scire facias* out of the Circuit Court, upon forfeiture of a recognizance returned to the Oyer of the county, it required *the same, i. e.,* as I understand it, the recognizance, with the record of the default, which are both essential to a forfeiture, to be first certified into said Circuit Court. *Pamph. L.* 1838–39, *p.* 52 ; *Rev.,* "*Crim. Proc.*," § 120.

In order, therefore, to justify this writ of *scire facias*, it should have been alleged that the recognizance had been filed in the Oyer and thence certified to the Circuit. Such an averment was a matter of substance, and for want of it the judgment upon the demurrer should have been rendered for the plaintiff in error. *Bridge* v. *Ford,* 4 *Mass.* 641 ; *State* v. *Kruise,* 3 *Vroom* 313.

Let the judgment for the state be reversed.